IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| STRATTON KEARNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2701-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
DISMISSING COMPLAINT WITHOUT PREJUDICE
AND ASSESSING $400 CIVIL FILING FEE

On October 26, 2015, Plaintiff Stratton Kearney, Tennessee Department of Correction prisoner number 68877, a prisoner acting *pro se* who is currently incarcerated at the Morgan County Correctional Complex ("MCCX") in Wartburg, Tennessee, filed a purported complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to file the action. (ECF Nos. 1 & 2.) Plaintiff is a "three-strikes" filer who is subject to the restrictions of 28 U.S.C. § 1915(g). However, he did not submit either a motion to proceed *in forma pauperis* or the $400 civil filing fee.

In an order issued on October 27, 2015, the Court stated that, because the complaint contained no factual allegations, it could not determine whether Plaintiff had sufficiently alleged he was in imminent danger of serious physical injury when the complaint was filed. (ECF No. 3 at 3.) Therefore, the Court directed Plaintiff to file an amended complaint within

30 days fully setting out his claims. Plaintiff also was ordered to either pay the $400 filing fee or submit an *in forma pauperis* affidavit and a copy of his inmate trust account statement, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (*Id.*) Plaintiff was warned that failure to comply with the order would "result in denial of leave to proceed *in forma pauperis*, assessment of the filing fee from Plaintiff's inmate trust fund account without regard to the installment provisions of the PLRA, and dismissal of this action for failure to prosecute." (*Id.* at 4.)

More than 30 days have passed, and Plaintiff has not complied with the October 27, 2015, order. Therefore, this case is hereby DISMISSED without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Notwithstanding the dismissal of this action, the Court is still required to assess the civil filing fee, since the responsibility for paying the filing fee accrues at the time a complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to 28 U.S.C. § 1915(g) did not obviate the obligation to pay the filing fee).

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall withdraw from Plaintiff's trust fund account the sum of $400 and forward that amount to the Clerk of this Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the civil filing fee, the prison official is instructed to

withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account, the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the civil filing fee is paid in full. The trust fund officer is not required to remit any balance less than $10, unless that amount would constitute the final installment of the civil filing fee, provided that any balance under $10 is held in custody for purposes of paying the civil filing fee in this action and is promptly remitted to the Clerk when sufficient funds are deposited into Plaintiff's account to bring the balance to $10.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the MCCX. The Clerk is further ORDERED to forward a copy of this order

to the Warden of the MCCX to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE